Frankie MITCHELL, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9351.

Missouri Court of Appeals, Springfield District.

May 24, 1974.

Motion for Rehearing or to Transfer Denied June 5, 1974.

Application to Transfer Denied July 22, 1974.

———◆———

McHaney & Welman, Kennett, for movant-appellant.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Special Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Frankie Mitchell (hereinafter movant) appeals from the judgment of the Circuit Court of Dunklin County, Missouri, denying his Rule 27.26, V.A.M.R., motion to vacate the concurrent five-year sentence for burglary and three-year sentence for stealing imposed by and in that court following his pleas of guilty. The only two points presented on this appeal are (1) that the information was so vague and indefinite that it did not adequately apprise movant of the crime charged and would not constitute a bar to further prosecution and (2) that movant entered his pleas of guilty "under the mistaken belief, misapprehension, and holding out of false hopes that he would receive a sentence of two years."

Special Judge Marshall Craig conducted a plenary hearing on movant's motion to vacate, thereafter took the cause under advisement, and in due time filed an unusually detailed and painstakingly prepared order, eleven pages in length, in which he reviewed the evidence and made detailed findings of fact, discussed all of the legal issues presented by movant's counsel and recorded his conclusions with respect thereto, cited ample authority in support of those conclusions, and upon those findings of fact and conclusions of law denied movant's motion. The record before us includes, as an exhibit received at the plenary hearing, a six-page transcript of the entire proceeding in circuit court when movant's guilty pleas were accepted, and that transcript not only attests to the court's full and complete compliance with Rule 25.04 but also establishes that defendant was interrogated personally by the court in an exemplary fashion altogether satisfying the recommendations in Flood v. State, 476 S.W.2d 529 (Mo.1972).

After careful examination of the transcript and consideration of the briefs and authorities, we are convinced that the trial court's findings of fact were not clearly erroneous, that no error of law appears, and that an opinion in this case would have no precedential value. Accordingly, the judgment is hereby affirmed. Rule 84.16(b).

All concur, except BILLINGS, J., who took no part in consideration or determination of this case.